WHEELER CONSTRUCTION, INC., A CORPORATION,
ET AL., APPELLEES, V. TOWN & COUNTRY REALTY
OF GRAND ISLAND, INC., A CORPORATION, APPELLANT.

348 N.W.2d 890

Filed May 25, 1984. No. 83-310.

Earl D. Ahlschwede of Ahlschwede & Truell, for appellant.

Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellees.

KRIVOSHA, C.J., and CAPORALE, J., and McCOWN and BRODKEY, JJ., Retired, and RONIN, D.J., Retired.

PER CURIAM.
This is an appeal from a judgment of the district court for Hall County, Nebraska, in a law action in which a trial by jury was waived. The appellee, plaintiff below, Wheeler Construction, Inc. (Wheeler Construction), a corporation, sued the appellant, defendant below, Town & Country Realty of Grand Island, Inc. (Town & Country), a corporation, on a promissory note. The trial court found for Wheeler Construction and entered judgment in the amount of

$11,000, plus interest. Town & Country filed a cross-petition on two separate grounds. First, Town & Country sued Wheeler Construction for breach of contract, alleging that Wheeler Construction failed to perform the obligations of the contract in a workmanlike manner. The trial court held for Town & Country and entered judgment in the amount of $8,299.04. In its second cause of action Town & Country interpleaded Robert and Nancy Wheeler (Wheelers) and sought damages against them for an alleged breach of contract concerning a trade of real estate between the parties. The district court found for the Wheelers.

Town & Country appeals and assigns several errors which can be summarized as follows: The trial court erred in not allowing an accounting prior to entering judgment on the promissory note. The trial court erred in failing to find that the plaintiffs breached a contract for the exchange of real properties owned by the parties, and in failing to award damages to the appellant therefor. A related assignment is the action of the trial court in striking from the cross-petition allegations of damages relating to increased costs of financing certain improvements incurred by reason of the Wheelers' failure to carry out the exchange of real estate.

Town & Country, a real estate firm, owner of three unconnected buildings in Setag Subdivision in Grand Island, Nebraska, contracted with the appellee Wheeler Construction to construct certain improvements. As a result of the construction, the buildings would be connected and subsequently used as a shopping center. The total contract price was $350,000. The contract provided for a downpayment of 5 percent of the total amount, but it was not paid when the contract was signed. At a later time Town & Country paid $13,000 to Wheeler Construction. Wheeler Construction commenced work; however, no further payments were made to Wheeler Con-

struction prior to the stoppage of construction in December 1979.

Although Town & Country had obtained a loan commitment from First Federal Lincoln, a savings and loan association, and a commitment for interim or construction financing, Town & Country was unable to secure the interim financing because it failed to obtain guaranteed leases of the property. Wheeler Construction, aware of the financing difficulty, nevertheless continued construction of the improvements. Both Wheeler Construction and Town & Country were aware of and concerned about the failure to make timely payment to subcontractors. In view of Town & Country's contingency failure to obtain guaranteed leases and thereby to secure interim financing, during the summer of 1979 Fred Janisch, the president of Town & Country, and Robert Wheeler, the president of Wheeler Construction, began discussions concerning the exchange of Town & Country's property and certain real estate belonging to the Wheelers. As a result of these discussions, a draft agreement was prepared, keys were exchanged for the inspection of the various properties, and Town & Country collected rents in an unspecified amount from the Wheelers' tenants. The agreement was, however, never executed.

In June 1980, after the decision by the Wheelers not to consummate the exchange, a general meeting among Wheeler Construction, Town & Country, and various subcontractors was held. As a result of the meeting, a document entitled "Escrow Agreement" was executed by Town & Country in favor of Wheeler Construction and the subcontractors. The document recited in part that, contingent upon the execution of mechanic's lien releases, the sum of $26,067.53 was to be paid to Wheeler Construction and a note for $11,000 from Town & Country was to be delivered to Wheeler Construction. Wheeler Construction executed the releases, received the money, and accepted delivery of the note. At its due date,

payment on the note was refused by Town & Country, and this suit resulted. At trial the execution of the note was admitted, as was its nonpayment.

Our scope of review is limited.

> [T]he findings of a court in a law action in which a jury has been waived have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. In such a circumstance it is not within our province to resolve conflicts in or to weigh the evidence; if there is a conflict in the evidence, this court will review the judgment rendered and will presume that controverted facts were decided in favor of the successful party.

*Nerud v. Haybuster Mfg.*, 215 Neb. 604, 609, 340 N.W.2d 369, 373 (1983).

The substance of appellant's first assignment of error is that a confidential relationship existed between Fred Janisch and Robert Wheeler and, therefore, an accounting should have been ordered. There is nothing in the record which suggests that either a fiduciary or a trust relationship existed between the parties; rather, the evidence discloses merely a friendly relationship of two parties to a contract, and thus an accounting is not appropriate. *Trump, Inc. v. Sapp Bros. Ford Center, Inc.*, 210 Neb. 824, 317 N.W.2d 372 (1982).

Concerning appellant's second assignment of error, all damages claimed arose from the alleged breach of the oral contract to exchange real estate.

Neb. Rev. Stat. § 36-105 (Reissue 1978) provides: "Every contract . . . for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the . . . sale is to be made." The evidence establishes that, after the exchange of keys to certain real estate, a letter was sent from Janisch to Robert Wheeler on September 13, 1979. In pertinent part, the letter (after listing certain documents which accompanied the letter) read: "Bob, should

for any reason this trade not be connsumated [sic], I will expect the return of all this documentation." The trade was never completed, and all documents were returned to Janisch. Janisch testified that he knew at the time the letter was written that no binding contract existed, that each party hoped and expected to complete the trade, but that no contract was ever executed. Therefore, this assignment, with respect to the breach of contract to convey real estate and the resulting damages, is without merit.

One further issue requires discussion. The appellees in their brief raise the propriety of the order of the trial court granting judgment to Town & Country on its cross-petition. Appellees assert that all matters were settled by the "Escrow Agreement" and that recovery was barred by the doctrine of accord and satisfaction. We merely point out that the trial court found otherwise and that the appellees did not cross-appeal. Thus, we do not consider the issue.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.